IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,780-01






EX PARTE FRANCISCO ACOSTA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 52246-243-1 IN THE 243RD DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of
controlled substance, heroin, in an amount less than 28 grams, habitual, and sentenced to twenty-five
years' imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his plea of guilty was involuntary because he received
ineffective assistance of trial counsel and because the trial court failed to admonish him of the
deportation consequences of his plea of guilty. Concerning trial counsel, Applicant contends that
counsel failed to conduct an independent investigation of the facts and discover that the amount of
heroin detected in the substance seized was 0.41 grams and that another person had been charged
with the same offense. Applicant further contends that his plea of guilty was involuntary because
counsel failed to properly explain consequences of pleading guilty as a citizen of Mexico, especially
the possibility that Applicant would be deported. Finally, Applicant contends that counsel rushed
him through signing the plea papers and did not explain them or give Applicant a chance to read
them.

 Concerning the trial court, Applicant contends that the court failed to admonish him of the
deportation consequences of his guilty plea, in violation of due process.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); VanNortrick v. State, 227 S.W.3d 706, 712 (Tex. Crim. App. 2007). In these
circumstances, additional facts are needed. The current habeas record does not include the plea
papers. The current transcript of the plea hearing reflects that Applicant was not orally admonished
of the deportation consequences of his plea. The record is silent as to whether Applicant received
a written admonishment or had actual knowledge of the deportation consequences. As we held in
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall provide Applicant's trial counsel with the
opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant's plea was involuntary. 
Specifically, the trial court shall make findings as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make findings as to whether Applicant was admonished of the deportation
consequences of his plea, and, if not, whether he had actual knowledge of the consequences of his
plea. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.



Filed: May 14 , 2008

Do not publish